

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2004

# Despalisse v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2689

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Despalisse v. Atty Gen USA" (2004). *2004 Decisions.* Paper 189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-2689
_____

SONY DESPALISSE,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Appeal from the United States Department of Justice
Board of Immigration Appeals
BIA No. A41 585 036
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2004

BEFORE: NYGAARD, AMBRO and VAN ANTWERPEN, Circuit Judges

(Filed October 28, 2004)
___

OPINION
_____

VAN ANTWERPEN, Circuit Judge

Sony Despalisse (hereinafter "Petitioner") comes before this court seeking review

of a final order of the Board Of Immigration Appeals (hereinafter "BIA"), holding that he

is not eligible to apply for discretionary relief from removal. For the foregoing reasons, we conclude that we are without jurisdiction to hear this appeal.

# I

Petitioner is a native of Haiti, who left his homeland in 1988 to join his family in the United States. He was admitted to the United States as a lawful permanent resident on June 3, 1988.

Petitioner has lived in several American cities, including New York, Boston, and Los Angeles. While in California, Petitioner had several brushes with the law. He was convicted of prostitution in September, 1992, and was sentenced to twenty-four months supervised probation. He also plead *nolo contendere* to prostitution charges in April, 1996 (for which he was sentenced to forty-five days in jail and twenty-four months probation) and July, 1998 (for which he was sentenced to ninety days in jail and twenty-four months probation). He also pled guilty to possession of cocaine in March, 2000, which resulted in a sentence of one hundred-eighty days in jail[1] and three years probation.

Upon returning to the United States from a visit to Haiti on April 19, 2001, Petitioner was detained by the Immigration Service. He was questioned about his criminal convictions, but later released. On January 10, 2002, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. §§

---

[1] Petitioner received credit for fifty-one days in actual custody and twenty-five days for good behavior.

1182(a)(2)(A)(i)(II) and 1182(a)(2)(D)(i).  Petitioner moved to cancel.

An Immigration Judge issued an interlocutory ruling on October 25, 2002, holding that Petitioner was eligible for cancellation of the removal, because he had accrued the requisite seven years of continuous residence required by 8 U.S.C. § 1229b(a)(2).  The Immigration Judge then exercised his discretionary powers and granted Petitioner's application for cancellation of removal and terminated the removal proceedings. The government appealed to the BIA, which later vacated the Immigration Judge's interlocutory ruling.  The BIA found that Petitioner's seven years of continuous residence were interrupted by his 1992 prostitution conviction, and ordered his removal.

Petitioner submitted a Petition for Review before this Court on May 28, 2003.


**II**

It is the duty of every federal court to determine whether it has subject matter jurisdiction to hear a particular case.  *See Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir.2003).  Generally, we have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a).  However, in cases such as this one where a final order of removal has been issued against a criminal alien, our jurisdiction over a Petition for Review of such an order has been limited by the Congress.  *See* 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense

3

covered in section...1182(a)(2)..."). Thus, we are divested of jurisdiction only when a petitioner is an alien who may be deported for having admitted or been convicted of one of the enumerated offenses. *See Drakes v. Zimski*, 240 F.3d. 246, 247 (3d. Cir. 2001). In such cases, we have jurisdiction to "determine whether these jurisdictional facts are present." *See Id.* If a petitioner proves that either of the jurisdictional prerequisites is absent, judicial review is not precluded by section 1252(a)(2), and an order of removal will be vacated. If he cannot, we are prevented from inquiring further and the order will be left intact.

Here, it is undisputed that Petitioner is a native and citizen of Haiti, that he has plead guilty to a controlled substance charge in 2000, and has either been convicted or pled *nolo contendere* to three prostitution charges in 1992, 1996, and 1998. A violation of any law or regulation relating to a controlled substance is a deportable offense under section 1252(a)(2)(C). *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Similarly, a crime involving "moral turpitude" qualifies as a deportable offense. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).[2] Because Petitioner is an alien who has admitted or been convicted of four criminal offenses enumerated in section 1182(a)(2), he is removable and we are without jurisdiction to further review the BIA's final order of removal.

---

[2] In California, prostitution is considered conduct involving "moral turpitude." *See People v. Chandler*, 56 Cal.App. 4th 703, 708 (Cal. App.1. Dist., 1997).

## III

As we are without jurisdiction to inquire further, we state no opinion as to the merit of any of Petitioner's arguments.[3] We do note, however, that "any challenge by a criminal alien to the BIA's interpretation of the immigration laws or to the constitutionality of these laws *must be made through a habeas [corpus] petition.*" *See Catney v. INS*, 178 F.3d 190, 195 (3d. Cir. 1999)(emphasis added). Because this alternate forum is available to Petitioner to raise such claims, we are satisfied that our decision today does not work a fundamental injustice or denial of due process on Petitioner.

The Petition for Review is therefore dismissed.

---

[3] Petitioner contends that the order of removal raises substantial due process concerns (namely that the decisions of the BIA "twice denied his 'opportunity to be heard at a meaningful time and in a meaningful manner'"), that he has a vested right to apply for cancellation of removal under 8 U.S.C. § 1182(c) (repealed), and he was entitled to rely on that eligibility when he plead *nolo contendere* and guilty to his three offenses in 1996, 1998, and 2000. A common thread throughout Petitioner's argument is that the BIA impermissibly applied the 1996 modifications made by the Antiterrorism and Effective Death Penalty Act and the Illegal Immigration Reform and Immigrant Responsibility Act retroactively to United States Code, Title 8.